**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

SANKONA GRAHAM,

    Plaintiff

v.

JEREMY BEAN, et al.,

    Defendants

Case No.: 2:26-cv-01567-APG-DJA

**Order Dismissing Complaint
And Closing Case**

ECF No. 1-1

Sankona Graham, who is incarcerated in the custody of the Nevada Department of Corrections, has filed a civil rights complaint under 42 U.S.C. § 1983 and an application to proceed in forma pauperis. ECF Nos. 1, 8. I now screen Graham's civil rights complaint.

**I.      SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, the Prison Litigation Reform

Act requires a federal court to dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle them to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint and construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

A reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556

U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by an incarcerated person may be dismissed *sua sponte* if the claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.    SCREENING OF COMPLAINT

On April 27, 2026, Graham filed this case in United States District Court in the Southern District of Florida. ECF No. 1-1. Several weeks later, the Southern District of Florida transferred the case to the District of Nevada, finding that Graham's claims arise out of his incarceration in the custody of the Nevada Department of Corrections. ECF No. 3. However, in the interim, Graham filed the exact same complaint in the District of Nevada. *See* Case No. 2:26-cv-01326-GMN-EJY ("First Case").

"Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (internal quotations omitted) (collecting cases), overruled in part on other grounds by *Taylor v. Sturgell*, 553 U.S. 880 (2008).

Therefore, a complaint that "merely repeats pending or previously litigated claims" may be dismissed as frivolous. *See Cato*, 70 F.3d at 1105 n.2; *Chavez v. Hawaii Dep't of Pub. Safety*, No. 1:19-CV-00565 DKW-RT, 2019 WL 5431310, at *2 (D. Haw. Oct. 23, 2019) (collecting circuit court cases to establish that courts "may dismiss a complaint or individual claims when the complaint or claims are duplicative of claims brought in another case"). The Ninth Circuit has noted that "[d]ismissal of [a] duplicative lawsuit . . . promotes judicial economy and the 'comprehensive disposition of litigation.'" *Adams*, 487 F.3d at 692–93 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)).

Although Graham initially filed this case in the Southern District of Florida, it has now been transferred to the District of Nevada, and it is duplicative of First Case, which is currently pending in this district. Graham may not maintain more than one case involving the same subject matter at the same time in the same court and against the same defendants. Therefore, I dismiss the complaint as duplicative and close this case.

**III.    CONCLUSION**

I THEREFORE ORDER that Graham's application to proceed *in forma pauperis* (ECF No. 8) is DENIED as moot.

I FURTHER ORDER the Clerk of Court to send Graham a courtesy copy of the complaint (ECF No. 1).

I FURTHER ORDER that the complaint is dismissed in its entirety without prejudice but without leave to amend, because it is duplicative of another previously filed, and currently pending, case.

I CERTIFY that any *in forma pauperis* appeal from this order would not be taken "in good faith" under 28 U.S.C. § 1915(a)(3).

I FURTHER ORDER that the Clerk of the Court close this case and enter judgment accordingly.

Dated: June 17, 2026

_____
Chief United States District Judge